UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDEN WILLIE ISELI,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JEFF LYNCH, Warden,<br><br>　　　　Respondent. | No.  2:22-cv-01483-TLN-EFB (HC)<br><br>FINDINGS AND RECOMMENDATIONS |

 Petitioner is a state prisoner proceeding without counsel in this petition for a writ of habeas corpus.  28 U.S.C. § 2254.  He challenges his convictions in the Superior Court of San Joaquin County for murder and attempted murder.  ECF No. 1 at 1.  Petitioner alleges that there was insufficient evidence to support his conviction.  *Id.* at 3, 6-7.  In addition, although he does not state it as one of his grounds for relief in his Petition, petitioner appears to raise an argument regarding testimony about a knife found in his bedroom.  ECF No. 1 at 3.   For the reasons that follow, the petition must be denied.

/////

/////

/////

/////

/////

/////

## I.  Background

The facts, as relayed by the California Court of Appeal[1], are:

Defendant Branden Willie Iseli attacked his great-uncle and great-grandfather with a knife, killing his great-uncle and inflicting life-threatening injuries on his great-grandfather.  A jury convicted defendant of attempted murder with premeditation and deliberation, along with elder abuse with respect to his attack on his great-grandfather (Pen. Code, §§ 664/187, subd. (a), 368, subd. (b)(1)) [footnote omitted] but it could not reach a verdict on a charge of murdering the great uncle.  In a second trial, a jury convicted defendant of first degree premeditated murder of his great-uncle.  (§§ 187, subd. (a), 189, subd. (a).)  The trial court sentenced defendant to a term of 25 years to life for first degree murder, with a consecutive term of life with the possibility of parole for attempted murder and five years for inflicting great bodily injury on an elder.  The trial court imposed and stayed the upper term for elder abuse.

. . .

The evidence was essentially the same in the two trials. . . .

Defendant lived at his great-grandparents' small house in Stockton with six other people: his great-grandparents Manuel and Raquel, his great-uncle Juan, his mother Anita, his sister Denise, and his uncle Carlos.  Manuel and Raquel shared a bedroom.  Juan had his own bedroom.  Defendant shared a bedroom with his mother and sister.  Carlos slept on the couch in the living room.

On December 14, 2017, Anita and Denise left the home a little before 7:00 a.m.  Defendant opened the driveway gate for them.  When Raquel woke up and left her bedroom, she saw Juan sitting on the floor.  Juan told Raquel that defendant had hit him and asked her to call the police.  Defendant was sitting at his bedroom door.  Raquel went into the kitchen and saw Manuel standing in the kitchen, grabbing the side of his neck where he was bleeding.  Manuel told her that defendant had hit him.

Juan was throwing up blood and told Manuel to call the police.  When Manuel sat down in a chair in the kitchen because he did not feel well, defendant began hitting him in the head.  Defendant then left the house.  During the first trial (in which the jury convicted defendant of attempted murder of Manuel), Manuel testified defendant said to Manuel that he was going to kill him.

Carlos was awakened by defendant walking out of the house.  He saw Juan bleeding on the floor and Manuel holding his neck, so he called 911.  He told the 911 operator that Juan and Manuel were bleeding from their necks as if they had been stabbed.  A video from a surveillance camera at a nearby apartment complex showed a person around 7:00 a.m. the same morning who appeared to change his clothing.

When sheriff's deputies arrived, they found Manuel standing near the front door, bleeding from his neck, and Juan on the floor in the hallway, unresponsive.  Medical personnel determined Juan was deceased, and they transported Manuel to the hospital.

---

[1] The facts recited by the state appellate court are presumed to be correct where, as here, the petitioner has not rebutted the facts with clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Slovik v. Yates*, 556 F.3d 747, 749 n.1 (9th Cir. 2009) (as amended).

2

>Juan died from stab wounds to the right and left sides of his neck caused by a knife. He had multiple areas of trauma on his body, including seven sharp force injuries. There were no defensive wounds on Juan's body.
>
>Manuel arrived at San Joaquin County General Hospital in critical condition with life-threatening injuries. He had seven stab wounds, including to his neck, the left side of his chest, and his left hand. The knife hit but did not fully penetrate Manuel's carotid artery in his neck, causing a dangerous aneurysm. He was stabilized and transferred to UC Davis for further treatment.
>
>Defendant turned himself in four days after the attacks. He claimed he had not been at the residence when Juan and Manuel were injured.
>
>In the first trial, after which the jury was unable to reach a verdict on the murder charge, the following evidence was introduced, but it was not introduced in the second trial: About 10 years before the murder, Juan was rude to defendant's sister and went into defendant's room. Defendant told Juan to back off, and Juan pushed defendant. Juan was rude to the others in the household, especially when he was on drugs. Even though defendant was normally patient and kind, he occasionally got angry at Juan and usually left the house to cool down.

*People v. Iseli*, No. C090997, 2022 WL 1013447 (Cal. Ct. App. April 15, 2022*), review denied* (June 15, 2022); ECF No. 15-12 at 1-4.

Petitioner's appeal of his conviction was rejected by the state appellate court. ECF No. 15-12. The California Supreme Court denied review. ECF No. 15-13.

**II.    Analysis**

*A.    Standards of Review Applicable to Habeas Corpus Claims*

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000).

Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

>An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

/////

/////

3

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under § 2254(d)(1), "clearly established federal law" consists of holdings of the United States Supreme Court at the time of the last reasoned state court decision. *Thompson v. Runnels*, 705 F.3d 1089, 1096 (9th Cir. 2013) (citing *Greene v. Fisher*, 565 U.S.34 (2011); *Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)). Circuit court precedent "may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably." *Stanley*, 633 F.3d at 859 (quoting *Maxwell v. Roe*, 606 F.3d 561, 567 (9th Cir. 2010)). However, circuit precedent may not be "used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that th[e] [Supreme] Court has not announced." *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013) (citing *Parker v. Matthews*, 567 U.S. 37, 47-49 (2012) (per curiam)). Nor may it be used to "determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to th[e] [Supreme] Court, be accepted as correct." *Id*. Further, where courts of appeals have diverged in their treatment of an issue, there is no "clearly established Federal law" governing that issue. *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

A state court decision is "contrary to" clearly established federal law under § 2254(d)(1) if it applies a rule contradicting a holding of the Supreme Court or reaches a result different from Supreme Court precedent on "materially indistinguishable" facts. *Price v. Vincent*, 538 U.S. 634, 640 (2003). Under the "unreasonable application" clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case.[2] *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Williams*, 529 U.S. at 413; *Chia v. Cambra*,

---

[2] Under § 2254(d)(2), a state court decision based on a factual determination is not to be overturned on factual grounds unless it is "objectively unreasonable in light of the evidence presented in the state court proceeding." *Stanley*, 633 F.3d at 859 (quoting *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004)).

4

360 F.3d 997, 1002 (9th Cir. 2004). A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams*, 529 U.S. at 412; *accord Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer*, 538 U.S. at 75 (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'"). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

If the state court's decision does not meet the criteria set forth in § 2254(d), a reviewing court must conduct a de novo review of a habeas petitioner's claims. *Delgadillo v. Woodford*, 527 F.3d 919, 925 (9th Cir. 2008); *see also Frantz v. Hazey*, 533 F.3d 724, 735 (9th Cir. 2008) (en banc) ("[I]t is now clear both that we may not grant habeas relief simply because of § 2254(d)(1) error and that, if there is such error, we must decide the habeas petition by considering de novo the constitutional issues raised.").

In evaluating whether the petition satisfies § 2254(d), a federal court looks to the last reasoned state court decision. *Stanley*, 633 F.3d at 859; *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004). If the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, the court may consider both decisions to ascertain the reasoning of the last decision. *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Richter*, 562 U.S. at

99. This presumption may be overcome by a showing "there is reason to think some other explanation for the state court's decision is more likely." *Id*. at 99-100 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)).  Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. *Johnson v. Williams*, 568 U.S. 289, 293 (2013).

Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under § 2254(d). *Stanley*, 633 F.3d at 860; *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).  "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Himes*, 336 F.3d at 853.  Where no reasoned decision is available, the habeas petitioner still has the burden of "showing there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 99-100.

When it is clear, however, that a state court has not reached the merits of a petitioner's claim, the deferential standard set forth in 28 U.S.C. § 2254(d) does not apply and a federal habeas court must review the claim de novo. *Stanley*, 633 F.3d at 860; *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006); *Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003).

### B. Petitioner's Claim of Insufficient Evidence

While petitioner's Petition nominally states two grounds for relief, both grounds allege insufficient evidence to support his convictions. ECF No. 1 at 6-7.  The state appellate court addressed this claim as follows:

> Defendant next contends the evidence was insufficient to support findings of premeditation and deliberation for the murder and attempted murder convictions.
>
> The juries found defendant committed attempted murder with premeditation and deliberation (§§ 664/187, subd. (a) (first trial)) and first degree premediated murder (§§ 187, subd. (a), 189, subd. (a) (second trial). "A crime is premeditated when it is considered beforehand and deliberate when the decision to commit the crime is formed or arrived at or determined upon as a result of careful thought and weighing of considerations for against the proposed course of action. [Citations.] [¶] The process of deliberation and premeditation does not require any extended period of time: "'The true test is not the duration of time as much as it is the extent of the reflection.  Thoughts may follow each other with great rapidity and cold,

calculated judgment may be arrived at quickly . . . .'" [Citations.] The requirement of premeditation and deliberation excludes acts that are the 'result of mere unconsidered or rash impulse hastily executed.'" (*People v. Gonzalez* (2012) 210 Cal. App. 4th 875, 886-887).)

When assessing the sufficiency of premeditation and deliberation, courts often consider three "*Anderson* factors": planning, motive, and manner of killing or attempted killing. (*People v. Shamblin* (2015) 236 Cal. App. 4th 1, 10, citing *People v. Anderson* (1968) 70 Cal. 2d 15, 26-27 (*Anderson*).) However, the *Anderson* factors are merely guidelines. . . . Although motive is an *Anderson* factor, "the lack of a discernable rational motive does not preclude a conviction for first degree premeditated murder." . . . " 'A senseless, random, but premeditated, killing supports a verdict of first degree murder.' " . . . "In reviewing a sufficiency of evidence challenge, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (*Gonzales,* at p. 653, italics omitted.)

With respect to his killing of Juan, defendant argues there was no evidence in the second trial of motive or that the manner of killing suggested premeditation and deliberation. He also claims there was minimal evidence of planning. We disagree. While there was no evidence of motive, the evidence of defendant's planning and manner in which he killed Juan support the jury's determination that defendant's killing of Juan was premeditated and deliberate.

There was evidence defendant planned to kill Juan. Defendant secreted at least one knife in his bedroom, and the jury could reasonably infer he also had in his bedroom the knife he used to kill Juan. There appears to have been no argument or confrontation leading up to his killing of Juan, as Juan had no defensive wounds. Additionally, there was evidence defendant left the house with other clothing to change into once he was away from the house. From all of this evidence, the jury could reasonably infer defendant had a plan to use a knife, attack Juan unprovoked, and flee with a change of clothing.

The manner of the killing also supported a finding of premeditation and deliberation. Along with the evidence noted above concerning planning, defendant's sustained attack on Juan with the knife, focusing on Juan's neck where maximum effect toward killing Juan could be obtained, indicated that the manner of the killing was intended to take Juan's life. Considering this evidence of planning and the manner in which defendant killed Juan, we conclude there was sufficient evidence introduced in the second trial to sustain a finding of premeditation and deliberation in support of a first degree premeditated murder conviction.

The same is true concerning the evidence presented in the first trial supporting a finding that defendant's attempted murder of Manuel was premeditated and deliberate. The jury could have reasonably determined defendant had a motive to kill Manuel because Manuel saw Juan throwing up blood and Juan asked Manuel to call the police. Defendant's attack on Manuel was unprovoked while Manuel was sitting down. Defendant attacked Manuel in the neck, injuring but not quite severing Manuel's carotid artery. Defendant told Manuel he was going to kill him. Again, defendant had hidden at least one other knife and took clothing with him when he immediately made his escape. The evidence of motive, planning, and manner of attempted murder was sufficient to support a jury finding of premeditation and deliberation in the first trial.

7

ECF 15-12 at 5-7.

The Due Process Clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L. Ed 2d 368 (1970).  There is sufficient evidence to support a conviction if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  "[T]he dispositive question under *Jackson* is 'whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.'" *Chein v. Shumsky*, 373 F.3d 978, 982 (9th Cir. 2004) (quoting *Jackson,* 443 U.S. at 318).  Put another way, "a reviewing court may set aside the jury's verdict of the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011).

In federal habeas review of a claim of insufficient evidence, "all evidence must be considered in the light most favorable to the prosecution." *Ngo v. Giurbino*, 651 F.3d 1112, 1115 (9th Cir. 2011).  "*Jackson* leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial," and it requires only that they draw "'reasonable inferences from basic facts to ultimate facts.'" *Coleman v. Johnson*, 566 U.S. 650, 655 (2012) (per curiam) (citation omitted).  "'Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction.'"  *Walter v. Maass,*  45 F.3d 1355, 1358 (9th Cir. 1995 (citation omitted).

"A petitioner for a federal writ of habeas corpus faces a heavy burden when challenging the sufficiency of the evidence used to obtain a state conviction on federal due process." *Juan H. v. Allen*, 408 F.3d 1262, 1274 (9th Cir. 2005).  In order to grant relief, the federal habeas court must find that the decision of the state court rejecting an insufficiency of the evidence claim reflected an objectively unreasonable application of *Jackson* and *Winship* to the facts of the case.  *Ngo*, 651 F.3d at 1115; *Juan H.,*  408 F.3d at 1275 & n.13.  Thus, when a federal habeas court assesses a sufficiency of the evidence challenge to a state court conviction under AEDPA, "there is a double dose of deference that can rarely be surmounted." *Boyer v. Belleque*, 659 F.3d 957, 964 (9th Cir. 2011).  The federal habeas court determines sufficiency of the evidence in reference

to the substantive elements of the criminal offense as defined by state law. *Jackson,* 443 U.S. at 324 n. 16; *Chein,* 373 F.3d at 983.

After reviewing the state court record in the light most favorable to the jury's verdict, this court concludes that there was sufficient evidence introduced at petitioner's trials to support the findings of premeditation and deliberation for petitioner's convictions of murder and attempted murder. For the reasons expressed by the California Court of Appeal, there was evidence in the second trial from which the jury could have found premeditation and deliberation in the killing of Juan, such as petitioner's hiding of a knife in his bedroom, the lack of defensive wounds on Juan (suggesting lack of provocation), the knife attack on Juan's neck (suggesting intent to kill), and petitioner's fleeing from the house with a change of clothes. ECF 15-12 at 7. As the state court reasonably found, based on this evidence "the jury could reasonably infer defendant had a plan to use a knife, attack Juan unprovoked, and flee with a change of clothing." *Id.*

Similarly, there was sufficient evidence of premeditation and deliberation introduced at petitioner's first trial to support the jury's conviction for the attempted murder of Manuel. For example, the jury could have reasonably determined that defendant had a motive because Manuel saw Juan's injuries and Juan asked him to call the police. Defendant also attacked Manuel when Manuel was sitting down (demonstrating lack of provocation), told Manuel he was going to kill him, and stabbed him in the neck. ECF 15-12 at 7. As the state court reasonably found, based on this evidence, along with the evidence of the knife in the bedroom and defendant's fleeing from the home with a change of clothing, there was sufficient evidence of motive, planning and manner of attempted murder to support the jury's finding of premeditation and deliberation. *Id.*

This is true regardless of the fact that there might have been other trial evidence which supported petitioner's version of the events. The question in this federal habeas action is not whether there was evidence from which the jury could have found for petitioner on these issues. Rather, in order to obtain federal habeas relief on this claim, petitioner must demonstrate that the state court's denial of relief with respect to his insufficiency of evidence arguments was an objectively unreasonable application of the decisions in *Jackson* and *Winship* to the facts of this case. Petitioner has failed to make this showing, or to overcome the deference due to the state

court's findings of fact and its analysis of this claim. Accordingly, petitioner is not entitled to federal habeas relief on his claim of insufficient evidence.

### C. Petitioner's Claim Regarding the Knife in His Bedroom

As noted *supra*, petitioner's stated grounds for relief do not address the knife found in his bedroom. Petitioner does, however, mention the knife elsewhere in his Petition, and the issue was reviewed by the Court of Appeal; accordingly, the court will address it here.

The state appellate court addressed this claim as follows:

> Defendant contends the trial court erred by admitting evidence about a knife that was found in his bedroom but was not used as the weapon for the crimes. The Attorney General responds that defendant failed to make a timely objection to this evidence.
>
> In his first trial, the prosecution introduced evidence that a knife was found hidden in defendant's bedroom. In closing argument, the prosecutor acknowledged there was no biological evidence on the knife and argued the knife was evidence defendant owned knives, even if he took the actual weapon used in the crimes with him when he left the residence. Defendant did not object to admission of the physical knife or testimony about the knife in the first trial.
>
> In the second trial, the prosecution again introduced testimony that a knife was found hidden in defendant's bedroom, again without objection from the defense. No blood was found on the knife.
>
> After the conclusion of testimony in the trial, the trial court held a conference to consider admission of exhibits. At that time, defendant objected to admission of the knife. He argued it was irrelevant because there was no DNA evidence on the knife. The trial court overruled the relevance objection.
>
> After the trial court overruled defendant's objection to admission of the knife as an exhibit, the prosecutor argued to the jury that defendant had knives available to him and had a knife in his room. The prosecutor also argued the knife in defendant's bedroom was evidence of consciousness of guilt because it was hidden in a laundry basket.
>
> "A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless: (a) there appears of record an objection to or a motion to exclude or to strike the evidence that was timely made and so stated as to make clear the specific ground of the objection or motion . . . . (Evid. Code, § 353; *People v. Hajek and Vo* (2014) 58 Cal. 4th 1144, 1214 [failure to make timely objections forfeits appellate consideration].) The objection must be made at the time the evidence is introduced. (*People v. Demetrulias* (2006) 39 Cal. 4th 1, 22.)
>
> Defendant did not address forfeiture in his opening brief. And, after the Attorney General raised forfeiture in the respondent's brief, defendant again did not address the issue.

10

> Defendant forfeited appellate consideration of the admissibility of evidence concerning the knife found in his bedroom. While defendant objected to the admission of the knife as an exhibit, he did not object to the testimony concerning the knife. His argument on appeal focuses on the relevance of the testimony. The argument is forfeited because defendant did not make a timely and specific objection to testimony concerning the knife. (Evid. Code, § 353, subd.(a).)

ECF 15-12 at 4-5.

Petitioner cannot demonstrate that this claim is not procedurally defaulted, and thus not amenable to federal habeas review. Under the procedural default rule, federal courts must generally decline to review federal claims where the state court decision under review rejected the claims based on a state procedural rule that was independent of the federal issues and adequate to support the judgment. *Coleman v. Thompson,* 501 U.S. 722, 729 (1991); *Bennett v. Mueller,* 322 F.3d 573, 580 (9th Cir.2003). Where the state court's rejection of a claim was based on an adequate and independent state procedural rule, a petitioner may obtain federal review only by demonstrating either (1) cause for the procedural default and prejudice or (2) that the failure to review the claims will result in a fundamental miscarriage of justice. *Coleman,* 501 U.S. at 750. The Ninth Circuit has found that California's rule that an issue not objected to at the time it arose is nonreviewable on appeal (the "contemporaneous objection" rule) may be grounds for procedural default. *Paulino v. Castro,* 371 F.3d 1083, 1092–93 (9th Cir. 2004) (petitioner's claim that trial court failed to adequately respond to a jury question was procedurally barred because trial counsel did not contemporaneously object and petitioner failed to show that the contemporaneous objection rule was unclear, inconsistently applied or not well-established).

To determine in this case whether petitioner's claims are procedurally defaulted based on this state procedural rule, the court must follow the burden-shifting framework established in *Bennett*. Under the *Bennett* framework, the state bears the initial burden of pleading the existence of an adequate state procedural ground as an affirmative defense. *Id.* at 586. Once the state does so, the burden shifts to the petitioner to assert "specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Id.* If the petitioner does so, the burden then shifts back to the state to ultimately prove that the state procedural rule is nevertheless adequate. *Id.*

In this case, the state has generally pleaded procedural default as an affirmative defense. ECF No. 16 at 6-7. Petitioner was thus required to make some showing that this procedural bar is inadequate. He has not done so. ECF No. 17. Nor has petitioner made any showing of cause for the procedural default. Accordingly, the court concludes that any claim of petitioner's addressing testimony regarding the knife found in his bedroom has been procedurally defaulted.[3]

### III. Recommendation

For the reasons stated above, it is hereby RECOMMENDED that the petition for writ of habeas corpus be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing § 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: January 12, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[3] The claims addressed here were the sole claims raised by petitioner on appeal and considered by the Court of Appeal. ECF No. 15-12. To the extent petitioner attempts to raise any other claims in his petition for writ of habeas corpus, those claims were not fairly presented to the state courts and thus cannot be a basis for federal habeas relief. *See, e.g.,* 28 U.S.C. § 2254(b)(1); *Shinn v. Ramirez*, 142 S.Ct. 1718, 1727-28 (2022) (holding that "[a] federal habeas court generally may consider a state prisoner's federal claim only if he has first presented that claim to the state court in accordance with state procedures.").

12